GEORGE W. JACOBS v. J. B. ARNOLD.

In an action to recover specific personal property or its value, the value of the property in money must be proved, or some evidence must be given tending to show such value ; at least where a judgment for money, as an alternative, is sought. If it appear from the statement of facts, that such evidence was not given, the judgment must be reversed.

Error from Lavaca. Tried below before the Hon. Fielding Jones.

In addition to what appears in the Opinion, it may be stated, that the plaintiff had obtained a writ of sequestration, which was returned executed ; and it did not appear that the wagon had been replevied.

The evidence was that Jacobs sold the wagon to Arnold for four mares as part pay, and the balance in money and stock ; that afterwards Arnold sold one of the mares by direction of Jacobs ; and witness (Arnold's son) expects the other mares are dead, as they looked like they were going to die when they were turned out of the pen ; Jacobs was present at the time, and requested Arnold to sell them for him.

Another witness testified that Jacobs told him that he had

Jacobs v. Arnold.

sold the wagon to Arnold for four mares in part pay, and the balance to be paid in money and cattle ; does not know when or where it was that Jacobs told him this.

The above is a literal transcript of all the evidence.

*Shelley & Carrington,* for plaintiff in error.

*W. T. Rogers,* for defendant in error.

Lipscomb, J.* This suit was brought by the defendant in error against the plaintiff in error to recover a wagon. The petitioner prays judgment for the wagon, and if it cannot be delivered to him, that he have judgment for the value thereof. A third party intervened. There was a verdict for the plaintiff below, for one hundred dollars, without any finding of the value of the wagon ; and the Court gave judgment for the plaintiff for one hundred dollars and cost against the defendant below, and against the intervener, for costs. The defendant Jacobs sued out a writ of error. The intervener has not brought up the judgment against him. The plaintiff assigns for error the overruling of his motion for a new trial, because the verdict was contrary to evidence ; and that the verdict does not support the judgment.

There is evidence of the sale of the wagon by Jacobs to Arnold, but no evidence at all of the value of the wagon, and nothing from which the probable value could be presumed. In suits of this sort, where the specific property is sued for, the jury are not in general limited to the precise value of the property sued for, but as in an action of detinue at Common Law, if they find the property to belong to the plaintiff in the suit, are bound to assess its value. This they cannot do, without some evidence of its value ; and as there was no evidence of its

---

*This was the last Opinion delivered by Mr. Justice Lipscomb. He died on the 8th of December, 1856. The proceedings of the Court upon the occasion will be found at the commencement of this volume.—Reps.

value, it is not perceived on what principle the verdict could be sustained. The nature of the suit, presented by the petition, required the jury, if the evidence justified it, to find for the plaintiff, on the issue of right to the property, and to assess the value of it, as the suit was brought to recover it specifically. The verdict of the jury is "we the jury find for the plaintiff in the sum of one hundred dollars." On which verdict, the Court award judgment for the sum so found, without giving the alternative of delivering up the property sued for. The verdict and judgment were such as should have been given, if the value of the property, and not the property itself, had been sued for.

The judgment against the plaintiff in error is reversed and the cause is remanded.

Reversed and remanded.